IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN P. HANNA,**

    **Petitioner,**

    v.                             **CASE NO. 2:05-cv-727**
                                        **JUDGE GRAHAM**
**JEFFERY WOLFE, Warden,**          **MAGISTRATE JUDGE KING**
    **Respondent.**

**OPINION AND ORDER**

On March 16, 2006, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 as untimely. Doc. Nos. 15, 16. This matter is now before the Court on petitioner's March 28, 2006, request for reconsideration. Doc. No. 19. For the reasons that follow, petitioner's motion for reconsideration is **DENIED.**

Petitioner has also filed objections to the respondent's March 15, 2006, response to petitioner's objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 18. However, the Report and Recommendation has already been adopted and affirmed. Doc. No. 15. Petitioner's objections, Doc. No. 18, therefore are **DENIED** as moot.

Petitioner's motion for reconsideration of the final judgment dismissing this case may be considered pursuant to Rule 59 of the Federal Rules of Civil Procedure. *See Hood v. Hood*, 59 F.3d 40, 43 n.1 (1995); *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648 n.4 (2005), which provides:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity

in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

(b) Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.

(c) Time for Serving Affidavits. When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.

(d) On Court's Initiative; Notice; Specifying Grounds. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.

(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Federal Rule of Civil Procedure 59.[1]

---

[1] A motion for reconsideration under Rule 59 must be filed within ten days; however, Federal Rule of Civil Procedure 6(a) provides:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays,

In his motion for reconsideration, petitioner again argues that equitable tolling of the statute of limitations is appropriate due to his *pro se* incarcerated status. He contends that he was diligent in pursuing his claims. He complains that he was denied the effective assistance of trial counsel and appellate counsel, and again asserts that equitable tolling of the statute of limitations is appropriate because his attorneys failed to advise him of the time limitations for filing federal habeas corpus petitions. *See Motion for Reconsideration.* Petitioner also again argues that equitable tolling of the statute of limitations is appropriate because he was required to exhaust state court remedies prior to filing his federal habeas corpus petition. Finally, petitioner appears to assert that his three applications to reopen the appeal pursuant to Ohio Appellate Rule 26(B) are a part of direct review under *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), *overruled by Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2006), and thereby serve to delay the start date of the running of the statute of limitations. Petitioner's arguments are unpersuasive.

Petitioner has presented no new arguments to justify reconsideration of the Court's final judgment dismissing this action as time barred. Petitioner's arguments, and his contention that equitable tolling should apply, have already been considered by this Court. *See Report and*

---

and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Federal Rule of Civil Procedure 6(a). Petitioner's motion for reconsideration therefore was filed within the time period required under Rule 59.

*Recommendation*, February 22, 2006, Doc. No. 11. Further, and contrary to petitioner's allegation here, even before *White v. Schotten, supra*, (holding that 26(B) applications are a part of direct review process) was overruled by *Lopez v. Wilson, supra*, a 26(B) application did not serve to delay the start date of the statute of limitations under 28 U.S.C. §2244(d). *See Lopez v. Wilson, supra*, 426 F.3d at 347-48 (citations omitted). Likewise, and contrary to petitioner's allegations here, *Waldron v. Jackson*, 348 F.Supp.2d 877 (N.D. Ohio 2004), is inapplicable to this case. *Waldron* involved application of 28 U.S.C. §2244(d)(1)(B),[2] in view of counsel's failure to perfect a timely appeal despite petitioner's request that he do so. Such circumstances are not present here.

Petitioner's motion for reconsideration of final judgment dismissing his habeas corpus petition as untimely, Doc. No. 19, is **DENIED**.

Petitioner's March 16, 2006, objection the respondent's response to petitioner's objections, Doc. No. 18, is also **DENIED** as moot,

**IT IS SO ORDERED.**

                                            s/James L. Graham
                                            JAMES L. GRAHAM
                                            United States District Judge

DATE: April 24, 2006

---

[2] 28 U.S.C. §2244(d)(1)(B) provides that the statute of limitations does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."